UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLEG NEIZVESTNY,<br><br>    Plaintiff,<br><br>vs.<br><br>MARGARITA RISIS and DANIEL RISIS,<br><br>    Defendants. | Civil Action No. 2:19-cv-20398-WJM-MF<br><br>**DECLARATION OF DANIEL RISIS** |

DANIEL RISIS, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.  I am a named defendant in this matter.

2.  During a Zoom conference with the Court on June 23, 2020, I reached a settlement in principle with plaintiff Oleg Neizvestny ("Plaintiff"), the terms of which were placed on the record.

3.  The material terms of the settlement in principle can be broken down in two parts: (1) a cash component, which was intended resolved Plaintiff's affirmative claims against Defendants; and (2) a component by which Plaintiff would assign his entire 50% interest in Dalex Development, Inc. ("Dalex") a real estate venture between myself and Plaintiff, which was intended to resolve my counterclaim against Plaintiff.

4.  At the time the settlement in principle was placed on the record, it was my intention to refinance the mortgage on the commercial property owned by Dalex, which was secured by my and Plaintiff's personal guarantees, as well a commercial property personally owned by Plaintiff.

1

5. It was my intention to utilize the proceeds from the refinance to assist in making the settlement payments to Plaintiff under the proposed settlement's cash component.

6. At the time, it was my firm belief and understanding that the Dalex property, while the subject of a foreclosure action, was still free and clear of any encumbrances, which was imperative if I were to be able to refinance the property.

7. However, and despite my good faith belief and understanding, as of June 23, 2020, the Dalex property was the subject of a default judgment motion in the foreclosure action. At the time, I was of the understanding that my legal counsel in this matter would be representing me in the foreclosure action, and I do not recall being informed of the pending default judgment motion.

8. Had I known that the Dalex property was the subject of a pending default judgment motion in the foreclosure action, I absolutely would not have agreed to place the settlement terms on the record. I certainly would not have agreed to: (1) accept Plaintiff's interest in Dalex; (2) indemnify Plaintiff for any damages or costs associated with the Dalex property and foreclosure; or (3) pay Plaintiff any amount of money.

9. Again, it was my understanding that there were no motions pending in the foreclosure action, and that I would have sufficient time to seek a refinance of the Dalex property, said refinance which was absolutely crucial and material any settlement.

10. On July 29, 2020, I placed my signature on a written settlement agreement memorializing the terms placed on the record at the June 23, 2020 conference.

11. However, and unbeknownst to me, the pending default judgment motion in the foreclosure action, which I was not aware of on June 23 or July 29, had been granted by the court

on July 17, 2020. Again, and as was the case on June 23, 2020, had I known about the default judgment, I absolutely would not have agreed to any settlement.

12. The proposed settlement terms regarding the Dalex property, and my ability to refinance, were significant, material terms of which I mistakenly believed were not the subject to any default judgment.

13. To enforce the terms of the settlement given the existence of the default judgment against the Dalex property would be unconscionable, as my entire ability to resolve this matter was predicated on the property being free and clear of any encumbrances, and the existence of the default judgment has essentially eliminated my ability to refinance the property.

14. I would never have agreed to settle this matter (nor could I or Rita financially do so) knowing I would be stuck with a piece of commercial property in foreclosure for which I would have to indemnify Plaintiff for any costs or damages arising from same.

15. Moreover, and as a point of note, it was always my understanding that a settlement was expressly contingent upon all parties' execution of a written settlement agreement, as was stated on the record. As Rita never executed a written agreement, it was my belief that no settlement had been reached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Sept. 16, 2020

Daniel Risis

3